IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE PENSION, WELFARE AND VACATION FRINGE BENEFIT FUNDS OF IBEW LOCAL 701, | ) ) ) | |
| Plaintiffs | ) ) | No. 18 CV 956 |
| vs. | ) ) | Judge |
| C.A.S.E. CONSTRUCTION AND ELECTRICAL CONTRACTORS, INC., an Illinois corporation, | ) ) ) | Magistrate Judge |
| Defendant. | ) ) | |

## COMPLAINT

NOW COME the Plaintiffs, TRUSTEES OF THE PENSION, WELFARE AND VACATION FRINGE BENEFIT FUNDS OF IBEW LOCAL 701 (the "FUND"), by their attorneys, ARNOLD AND KADJAN, LLP, DONALD D. SCHWARTZ, and ANDREW S. PIGOTT, and for their Complaint against Defendants C.A.S.E. CONSTRUCTION AND ELECTRICAL CONTRACTORS, INC., an Illinois corporation ("C.A.S.E."), state as follows:

1. (a) Jurisdiction of this cause is based upon Section 301 of the National Labor Relations Act as amended, 29 U.S.C. §185(a), as hereinafter more fully appears.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132 ("ERISA"), as hereinafter more fully appears.

2. (a) The Plaintiffs are the TRUSTEES OF THE PENSION, WELFARE AND VACATION FRINGE BENEFIT FUNDS OF IBEW LOCAL 701. Local 701 is a labor organization engaged in the representation of electrical workers in DuPage County, Illinois. Local 701 has been chartered by, and is affiliated with, the International Brotherhood of Electrical Workers (hereinafter also referred to as "IBEW" and "International"). Local 701's office is located at 28600 Bella Vista Parkway, Suite 1110, in Warrenville, Illinois 60555. Local 701 is governed pursuant to Local Union By-Laws (hereinafter referred to as "By-Laws") and the

Constitution of the International Brotherhood of Electrical Workers (hereinafter referred to as "Constitution").

    (b)    The Pension Fund, Welfare Fund, and Vacation Fund (together called "the Funds") have been established pursuant to collective bargaining agreements heretofore entered into between the International Brotherhood of Electrical Workers Local 701 (the "Union") and certain employer associations whose members employ members of the Union, and the Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws. The Funds are administered by the Plaintiffs as the presently acting trustees thereof, pursuant to the terms and provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and the terms and provisions of the Agreements and Declarations of Trust which established the Funds.

3.    (a)    Defendant C.A.S.E. resides within this jurisdictional district, in Steger, Illinois.

    (b)    Defendant C.A.S.E. is an employer engaged in an industry affecting commerce.

4.    Since on or before January 1, 2008, Defendant C.A.S.E., authorized DuPage County Division, Illinois Chapter N.E.C.A., Inc. (hereafter "NECA") as its collective bargaining representative for all matters contained in or pertaining to the collective bargaining agreement then in force, and thereafter, between NECA and the Union.

5.    Since before 1972, NECA, a multi-employer bargaining association authorized to negotiate and execute collective bargaining agreements on behalf of its members and authorizing employers, has entered into successive collective bargaining agreements with the Union on behalf of its members, and continues those functions to the present day.

6. By virtue of certain provisions contained in the collective bargaining agreements, Article VI, Section 5 of Amendment No. 1 of the Pension Fund Declarations of Trust, Article VI, Section 5 of the Welfare Fund Declarations of Trust and Article VII, Section 5 of the Vacation Fund Declarations of Trust to which Defendant C.A.S.E., is bound, Defendant C.A.S.E. has agreed to make fringe benefit contributions on behalf of certain of its employees, calculated in relation to the hours and gross wages of said employees.

7. Since on or before January 1, 2008, Defendant, C.A.S.E., has admitted, acknowledged and ratified the collective bargaining agreements entered into between NECA and the Union by the filing of periodic report forms with the Funds and by its making some but not all of the periodic payments to the Funds as required by such agreements..

## COUNT ONE
*Delinquency*

8. Plaintiffs incorporate paragraphs one through seven of the Complaint as though fully set forth herein.

9. For the months of October, November, and December 2017, C.A.S.E. reported the hours and gross wages of its bargaining unit employees to the Funds, but did not pay the corresponding contributions due.

10. Per C.A.S.E.'s reports, it owes $66,272.97 in contributions for October 2017; $31,052.04 for November 2017; and, $31,925.49, for December 2017.

11. Defendant C.A.S.E. is liable for costs pursuant to 29 U.S.C. §1132(g)(2)(E), a twenty percent penalty in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

WHEREFORE, Plaintiffs pray:

    A.    That judgment be entered for Plaintiffs and against Defendant C.A.S.E., in the amount of $129,250.50.

    B.    That Plaintiffs be awarded their costs herein, as follows:

(1)    Twenty percent in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), and the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

(2)    Attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and the collective bargaining agreements and trust declarations to which Defendant has assented; and

(3)    Prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

    C.    That pending final determination of this cause, Defendant C.A.S.E. be enjoined from violating the aforesaid collective bargaining agreements and enjoined from failing to make timely payments to the Funds as set forth; and that upon final adjudication of the cause Defendant C.A.S.E. be permanently so enjoined.

    D.    That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

## COUNT TWO
*Audit*

12.    Plaintiffs incorporate paragraphs one through eleven of the Complaint as though fully set forth herein.

13.    By virtue of certain provisions contained in the collective bargaining agreements, Article VI, Section 5 of Amendment No. 1 of the Pension Fund Declarations of Trust, Article VI, Section 5 of the Welfare Fund Declarations of Trust and Article VII, Section 5 of the Vacation Fund Declarations of Trust to which Defendant C.A.S.E., is bound, Defendant C.A.S.E. has agreed, when given reasonable notice by the Trustees of said Funds or the Trustees' representatives, to submit its books and records to an independent auditor to determine whether or

4

not said Defendant is in compliance with its duties under ERISA, 29 U.S.C. §1132(g)(2)(A), the various collective bargaining agreements and the declarations of trust to which Defendant has assented.

14. In the event a delinquency is shown to be due and owing, Defendant C.A.S.E. has agreed to be liable for all costs, ten percent delinquency penalty and reasonable attorneys' fees, pursuant to Article VI, Section 4 of Amendment No. 1 of the Pension Fund Declarations of Trust, Article VI, Section 7 of the Welfare Fund Declarations of Trust and Article VII, Section 7 of the Vacation Fund Declarations of Trust.

WHEREFORE, Plaintiffs pray:

A. For entry of an order commanding C.A.S.E. to produce its books and records to Plaintiffs' auditor for the period from January 1, 2008 through the present, to determine the extent of its non-compliance with its contribution obligations.

B. That Plaintiffs be awarded their costs herein, as follows:

(1) Twenty percent in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), and the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented, on any contribution arrearages determined by the audit;

(2) A ten percent penalty pursuant to the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented, on any contribution arrearages determined by the audit;

(3) Audit costs pursuant to 29 U.S.C. §1132(g)(2)(E), and the collective bargaining agreements and trust declarations to which Defendant has assented;

(4) Attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and the collective bargaining agreements and trust declarations to which Defendant has assented; and

(5) Prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

C. That pending final determination of this cause, Defendant C.A.S.E. be enjoined from violating the aforesaid collective bargaining agreements and enjoined from failing to make timely payments to the Funds as set forth; and that upon final adjudication of the cause Defendant C.A.S.E. be permanently so enjoined.

D. That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

Respectfully submitted,

**TRUSTEES OF THE PENSION, WELFARE AND VACATION FRINGE BENEFIT FUNDS OF IBEW LOCAL 701,**

By: /s/ Andrew S. Pigott
One of Plaintiffs' Attorneys

Donald D. Schwartz
Andrew S. Pigott
**ARNOLD & KADJAN, LLP**
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
Telephone (312) 236-0415
Facsimile (312) 341-0438